[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PREJUDGMENT REMEDY
The granting of a prejudgment remedy in this case is related to the ability of each of the plaintiffs to convince this court that there is probable cause to believe that they will each be successful in establishing their individual claims for a commission as a result of the purchase and sale of The Weed and Duryea Company.
Ronald Nash (hereinafter "Nash") seeks a commission of approximately $150,000 based on a written contract dated May 4, 1992 and entitled "Standard Agreement to Sell Business to Prepare a Marketing Package." This agreement does not concern real property, since it states in part, "[i]f real property is involved in the Transaction, the Client agrees to enter into separate real estate addendum covering the transfer of real property" with a note "no form attached." CT Page 2450
The defendants have two basic theories of defense to Nash's claim. The first being that the sale concerned real property in part, and that Nash is not licensed to sell real property. The aforementioned agreement, together with the fact that Nash's claimed commission does not exclude the value of the real property, makes this defense insufficient to blunt probable cause. The second theory is that a different entity purchased the assets than those persons that were contacted by Nash. The principals and possible beneficiaries of the purchasing entity are related and rely on the contacted persons concerning the day-to-day operation of the subject business. For the purpose of probable cause, there is sufficient evidence to find probable cause that Nash will be successful on his commission claim. For the foregoing reasons, Nash is granted a prejudgment remedy for $150,000.
Scalzo Realty, Inc., hereinafter "Scalzo," bases its claim on two listing agreements with Weed and Duryea Company for the sale of the real property upon which was conducted the business which is the subject of Nash's claim. As noted above, the sale of the business assets and the sale of the real estate were each the subject of separate agreements. To express it another way, Scalzo could not earn its commission based on the activities of Nash under his agreement. The prejudgment remedy hearing was without credible evidence that Scalzo was a procuring cause of the sale of the real property. From the evidence presented, Nash was the contact person for those who were involved directly or indirectly with the ultimate purchase. Because Scalzo has failed to show that it had sufficient contact with the individuals related in any way with the purchase side of this transaction, its claim fails, and therefore a prejudgment remedy is denied as to Scalzo.
Stodolink, J.